# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **ANGELA PERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:11-CV-2747-VEH** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## MEMORANDUM OPINION

## I.   INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Angela Perry ("Ms. Perry") originated this personal injury lawsuit in the Circuit Court of Calhoun County on July 23, 2010.  (Doc. 1-1 at 1).  Defendant United States of America (the "Government") removed the action to federal court on August 1, 2011, when it was named in Ms. Perry's third amended complaint.  (Doc. 1 ¶ 1; *id.* at Ex. 1).

Pending before the court is the Government's Motion for Summary Judgment (Doc. 37) (the "Government's Motion") filed on May 2, 2012.[1]  The Government's

---

[1]  With Ms. Perry's consent, the court already has dismissed the other two defendants that moved for summary judgment. (*See* Docs. 41, 49). Accordingly, the Government is the sole remaining defendant.

supporting brief and evidence were also filed on May 2, 2012. (Docs. 38, 39). Ms. Perry opposed the Government's Motion on May 10, 2012 (Doc. 40), and the Government replied on June 1, 2012. (Doc. 43).

Accordingly, the Government's Motion is now under submission, and, for the reasons explained below, is due to be granted on immunity grounds and is otherwise due to be denied.

## II.   FACTUAL BACKGROUND[2]

At the time of her accident, Ms. Perry was employed by Honeywell International ("Honeywell"), as a warehouse specialist lead at the Anniston Army Depot (the "Depot"), a U.S. Army facility located in Calhoun County, Alabama. AF No. 1.[3] Ms. Perry was injured on August 2, 2008, when she was struck by an

---

[2] Keeping in mind that when deciding a motion for summary judgment the court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion, the court provides the following statement of facts. *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (observing that, in connection with summary judgment, a court must review all facts and inferences in a light most favorable to the non-moving party). This statement does not represent actual findings of fact. *See In re Celotex Corp.*, 487 F.3d 1320, 1328 (11th Cir. 2007). Instead, the court has provided this statement simply to place the court's legal analysis in the context of this particular case or controversy.

[3] "AF" stands for admitted fact. These admitted facts are taken from the Government's narrative summary of undisputed facts contained in its brief (Doc. 38 ¶¶ 1-2, 4, 7) and Ms. Perry's response. (Doc. 42 ¶¶ 1-2, 4, 7). Many other facts are referenced by the parties, but have not been included in this background, as they are

overhead door (fire door) while she was passing underneath going from the Depot's Building 128 to Building 133. *Id.* At all times she was considered to be an invitee of the Government under the laws of Alabama. *Id.*

The workers' compensation insurance carried by Honeywell covered Ms. Perry's medical treatments for injuries to her back and right knee caused by the door incident. AF No. 2. On July 27, 2010, pursuant to the Federal Tort Claims Act (the "FTCA"), Ms. Perry filed an Administrative Claim in the amount of $175,000.00 with the Government for her injuries. AF No. 4.

Ms. Perry contends that the Government negligently failed to keep the premises, specifically the overhead door, in a reasonably safe condition, and that the Government negligently inspected and maintained the premises where the door fell on Ms. Perry. AF No. 7. Ms. Perry's third amended complaint does not allege any willful conduct on the part of the Government. (*See generally* Doc. 1 at Ex. 1).

## III.   STANDARD

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th

immaterial to the court's ruling on summary judgment.

Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

"Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).  Finally, "[i]f the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *International Stamp*, 456 F.3d at 1274 (citing *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

## IV.   ANALYSIS

The Government contends that the lack of actual or constructive notice to it of the door's defective condition precludes it from being liable to Ms. Perry.  The Government also argues that summary judgment should be granted in its favor because the Alabama Workers' Compensation Act (the "Act") immunizes the Government from the claims that Ms. Perry has asserted against it.   The court addresses each argument below.

4

## A.    Lack of Notice

The Government maintains that it is entitled to summary judgment on Ms. Perry's negligence maintenance claim because it lacked actual or constructive notice of the defective fire door prior to her accident on August 2, 2008.  (Doc. 38 at 13). In a negligence action asserted under the FTCA, a plaintiff, like Ms. Perry, must show the *prima facie* elements of duty, breach of duty, causation, and damages.  *See, e.g., Sessions v. Nonnenmann*, 842 So. 2d 649, 651 (Ala. 2002) (listing *prima facie* elements of negligence); *DiBiasi v. Joe Wheeler Elec. Membership Corp.*, 988 So. 2d 454, 460 (Ala. 2008) (same).

Regarding premises liability more specifically and the duty owed by the Government to someone such as Ms. Perry, who both sides agree was an invitee at the time of her accident, Alabama law provides:

> A person who enters land with the landowner's consent to bestow some material or commercial benefit is an "invitee," and a landowner owes an invitee the duty to keep the premises in a reasonably safe condition, if the premises are unsafe, <u>to warn of hidden defects and dangers that are known to the landowner</u> but that are hidden or unknown to the invitee.

*Galaxy Cable, Inc. v. Davis*, 58 So. 3d 93, 98 (Ala. 2010) (emphasis added); *see also Prentiss v. Evergreen Presbyterian Church*, 644 So. 2d 475, 477 (Ala. 1994) ("A landowner owes an invitee a duty to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn the invitee of defects and dangers that are

known to the landowner but are unknown or hidden to the invitee[.]"); *Edwards v. Intergraph Services Co., Inc.*, 4 So.3d 495, 502 (Ala. Civ. App. 2008) ("Generally, an invitee must show not only that he was injured as the result of a defective condition on the owner's premises, but also that the owner knew or should have known of the defective condition.").

In support of its argument on notice, the Government points out that the record does not show that it was actually aware of the defective fire door prior to Ms. Perry's injury.  Ms. Perry does not dispute this fact.

The Government further contends that a reasonable inspection of the fire door by the Depot personnel would not have disclosed the defect with the door's brushing and sprocket that allegedly led to Ms. Perry's injury, and, therefore, Ms. Perry cannot establish constructive notice either.[4] Ms. Perry counters that, under Alabama law, the issue of constructive notice should be a question for the jury to decide, because the defective door is a part of the Depot's facilities.

The Supreme Court of Alabama has explained in another premises liability case

---

[4] More specifically, the Government contends that an inspection by Depot personnel would not have revealed the door's defective status, because even the servicing contractor repairman, Mr. McCluney, did not discover the true nature of the door's problem with its brushing and sprocket until October 2008, after he had repaired it from the first fall involving Ms. Perry and after the door had fallen a second time. (Doc. 38 at 15).

involving a malfunctioning door:

> Because Peak was a business invitee at the time of the accident, Kmart owed him "a duty to exercise reasonable care to maintain its premises in a reasonably safe condition."  *Norris v. Wal-Mart Stores, Inc.*, 628 So.2d 475, 477 (Ala. 1993).  The malfunctioning door in this case was a part of the premises itself.  This Court has said:
>
>> "[W]here the alleged defect is a part of the premises ..., the question whether the defendant had actual or constructive notice of the defect will go to the jury, regardless of whether the plaintiff makes a *prima facie* showing that the defendant had or should have had notice of the defect at the time of the accident."
>
> *Mims v. Jack's Restaurant*, 565 So. 2d 609, 610 (Ala. 1990).

*Kmart Corp. v. Peak*, 757 So. 2d 1138, 1144 (Ala. 1999) (emphasis added); *see also*

*Edwards*, 4 So. 3d at 503 ("There are exceptions to the rule that an invitee must

present substantial evidence not only that his or her injury was caused by a dangerous

or defective condition on the premises but also that the premises owner had or should

have had notice of the dangerous or defective condition."); *id.* ("Those exceptions

apply-and the invitee need not make a *prima facie* showing that the premises owner

knew or should have known of the defective condition at the time of the invitee's

injury-when . . . the premises owner has failed to perform a reasonable inspection or

maintenance of the premises to discover and remedy the defective condition[.]"

(citations omitted) (emphasis added)).

In response to Ms. Perry's opposition, the Government relies upon *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1401 (11th Cir. 2011) ("Liability for Walker's injury, therefore, cannot be fairly traced to any negligence on Defendants' part in failing to annually inspect and maintain the door as required under the AAR rules and guidelines."). (Doc. 43 at 8). However, *Walker* is inapposite authority, as it arises under Georgia law. *Id.* at 1393 ("This negligence suit under Georgia law stems from an injury Roland Walker suffered as he unloaded freight from a railcar in July 2005.") (emphasis added).

Moreover, the Government does not cite to any Alabama premises liability decisions that stand for a proposition similar to *Walker* or that have granted summary judgment due to lack of constructive notice when the defective condition is a part of the premises, such as is the situation with the Depot door. Accordingly, the court rejects the Government's notice position on summary judgment.

### B.    Immunity

The Government premises its immunity defense upon §§ 25-5-11(a) and 25-5-53 of the Act and the district court decision of *Kirby v. Tennessee Valley Authority*, 877 F. Supp. 578 (N.D. Ala. 1994), *aff'd*, 41 F.3d 669 (11th Cir.) (appearing in

"Table of Decisions Without Reported Opinions").[5]  Section 25-5-11(a) of the Act

provides, in relevant part:

> If a party, other than the employer . . . <u>is a governmental agency
> providing occupational safety and health services</u> . . . the injured
> employee, or his or her dependents in the case of death, may bring an
> action against . . . the governmental agency . . . <u>only for willful conduct
> which results in or proximately causes the injury</u> or death.

Ala. Code § 25-5-11(a) (emphasis added).

> Section 25-5-53 similarly states:

> <u>The rights and remedies granted in this chapter to an employee shall
> exclude all other rights and remedies of the employee,</u> his or her
> personal representative, parent, dependent, or next of kin, at common
> law, by statute, or otherwise on account of injury, loss of services, or
> death. . . .  In addition, <u>immunity from civil liability for all causes of
> action except those based upon willful conduct</u> shall also extend to . . .
> a governmental agency <u>providing occupational safety and health
> services</u> . . . .

Ala. Code § 25-5-53(a) (emphasis added).

*Kirby* was decided on a Rule 12(b)(6) basis.  In that case, the primary plaintiff

in the lawsuit fell and injured himself while working on a project at the Tennessee

Valley Authority's Browns Ferry Nuclear Plant (the "TVA") as an employee of a

---

[5]  When the Eleventh Circuit affirmed *Kirby*, it did so under the now rescinded
Rule 36-1 of the Appellate Rules of Procedure which permitted an affirmance on
appeal without any written opinion.  *See* 11th Cir. R. 36-1 (affirmance without
opinion) (rescinded Aug. 1, 2006).  Neither side has cited to an Eleventh Circuit
published or unpublished opinion addressing this aspect of governmental agency
immunity under the Act, nor has the court been able to locate one.

9

TVA contractor.  *Kirby*, 877 F. Supp. at 578.  After setting forth the "essential"

allegations of the claims, the district court in *Kirby* determined that they were:

> [B]ased **of necessity** upon allegations that TVA had or assumed duties
> to employees of Stone & Webster working at TVA's Browns Ferry
> nuclear facility to provide such Stone & Webster employees various
> occupational safety and health services [making safety inspections,
> providing safety training, providing safety equipment, providing safety
> procedures and warning of safety hazards].

*Kirby*, 877 F. Supp. at 579, 587.

> The court then held:
>
> A reasonable construction of the allegations of the Plaintiffs'
> complaint in the above-entitled civil action is that at the time and place
> in question, that is on June 25, 1992 at TVA's Browns Ferry Nuclear
> Power facility in Limestone County, Alabama where Plaintiff Vernon
> Kirby was working and was injured while he was an employee of Stone
> & Webster performing work for his employer, Defendant TVA was a
> governmental agency then and there and prior thereto providing
> [according to Plaintiffs' complaint] occupational safety and health
> services to Stone & Webster employees, including the Plaintiff Vernon
> Kirby.  And this Court now so holds and further holds for the reasons
> hereinabove stated that under applicable statutory law [*i.e.*, the Act] that
> TVA can be held liable in this case only for willful conduct, which is not
> alleged in Plaintiffs' complaint. Thus the complaint in the above-entitled
> civil action and each count thereof fails to state a claim upon which
> relief can be granted.

*Kirby*, 877 F. Supp. 578, 588-89 (footnotes omitted) (emphasis added); *see also*

*Young v. Tennessee Valley Authority*,[6] No. 5:04-CV-00594-JEO, 2005 WL 6133386,

---

[6]  *Young* analyzes immunity against liability in the context of the special
employer doctrine, rather than in the context of a provider of occupational safety and

at *8 (N.D. Ala. Aug. 8, 2005) (summarizing holding in *Kirby* as "a federal agency

providing occupational health and safety services can be held liable only for willful

conduct, which was not alleged in plaintiff's complaint"), *aff'd*, 439 F.3d 1274 (11th

Cir. 2006).

Here, the parties disagree over the extent to which governmental agency

immunity and/or *Kirby* applies to the claims asserted by Ms. Perry.  Although Ms.

Perry concedes that the Act as interpreted in *Kirby* precludes at least a part of her case

against the Government, and, consequently, that particular portion of the Motion is

due to be granted as unopposed, she disputes that the Government's immunity

defense applies to her negligence maintenance claim included in count VIII of her

complaint.  (Doc. 42 at 22).

More specifically, Ms. Perry states:

> Under the rule and rationale of *Kirby*, the Court properly may find
> that the United States' motion with respect to <u>all of Ms. Perry's "safe
> condition" claims in Count VII, and Ms. Perry's negligently undertaking
> to "inspect" claim in Count VIII is well-taken and due to be granted in
> those respects</u>.

---

health services.  *See Young*, 439 F.3d at 1275 n.2 (distinguishing *Kirby* as a case in
which "TVA was neither the employer of the injured worker nor a 'special
employer'").  Under the facts at issue in *Young*, the Eleventh Circuit concluded that
"TVA is entitled to the same exclusive remedy protection from a tort suit (*i.e.*,
protection against willful conduct allegations) that are applicable to other persons
who are special employers under Alabama law."  439 F.3d at 1275.

> HOWEVER, the Court should DENY the United States' motion with respect to Ms. Perry's claim that the United States acted negligently after it undertook to "maintain" the door, as set out in Count VIII, <u>because the "maintenance" conduct claim that she alleges has nothing to do with the United States' "providing occupational safety and health services" under §§ 25-5-11 and 25-5-53</u>.

(*Id.*) (emphasis by underlining added).  Essentially, Ms. Perry argues that the holding in *Kirby* does not extend to her negligent maintenance claim because such a theory falls outside of the Government's role as a provider of occupational safety and health services at the Depot.

This court, like Ms. Perry, finds the reasoning in *Kirby* to be persuasive with respect to her safe condition and negligent inspection claims.  More specifically, because Ms. Perry's injuries stem from an on-the-job injury while performing contract services at a governmental facility, her failure to allege willful conduct on the part of the Government regarding these two theories means that the Act immunizes the Government from liability as a provider of occupational health and safety services.  Accordingly, consistent with *Kirby,* and with Ms. Perry's consent, both of those claims are due to be dismissed on summary judgment.

As for the disputed claim, it is true that *Kirby* does not expressly find that a plaintiff, injured while providing contract services at a government facility, must allege willful conduct in order for a negligent maintenance count to survive an

12

immunity challenge under the Act's governmental agency provisions.   However, at the same time, the summary of the plaintiffs' allegations in *Kirby* does not reflect that such a claim was ever actually asserted and so it is understandable that negligent maintenance was never specifically mentioned in the district court's opinion.

Moreover, in this court's view, the scope of the district court's holding in *Kirby* implicitly supports the conclusion that Ms. Perry's negligent maintenance claim is similarly flawed due to the absence of any willful or intentional conduct allegations incorporated into her complaint.   In particular, the analysis in *Kirby* does not turn upon the <u>type</u> of negligence claim being pursued, but rather is guided by "a reasonable construction" of the plaintiff's allegations that include the following common denominator:  the duty to provide a safe work environment for those persons who are working at a government facility by virtue of a contract between their employer and the Government.   Thus, following an extension of *Kirby*'s reasoning, the court finds that the Government's Motion is due to be granted on account of the Act's governmental immunity provisions because, in asserting negligent maintenance, she has failed to allege that willful or intentional conduct on the part of the Government caused her injury.

Alternatively, even if *Kirby* can be read as narrowly as Ms. Perry suggests, then the court disagrees with the *Kirby* decision to that limited extent.   Instead, the court

finds, because Ms. Perry's negligent maintenance theory springs factually from her injury as a worker caused by certain unsafe conditions existing within a federally owned and operated facility this claim is also subject to the Act's immunity provisions.

In particular, the court is unaware of, and Ms. Perry has not cited to, any authority in which a court has explicitly drawn a distinction between negligent safe condition/inspection allegations on the one hand and negligent maintenance allegations on the other in the context of analyzing governmental immunity under the Act for an on-site injury suffered by an employee of a third party employer. *Cf. Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court). Indeed, when pleading, Ms. Perry treated her negligent maintenance and inspection allegations in a similar manner by combining them into one count. (*See* Doc. 1 at 8-9 ¶¶ 29-32 (count VIII of Plaintiff's third amended complaint)).

Admittedly, the Government also has not cited any legal authority which instructs this court against treating negligent safe condition/inspection claims

differently than negligent maintenance ones when deciding governmental immunity under the Act.  However, the Government has cited to several cases which, in analyzing the comparable immunity provisions applicable to co-employees under the Act, emphasize the importance of segregating mere negligence (or even wantonness) masquerading as willfulness from those claims actually involving willful misconduct, and which treat the question of immunity from liability for alleged negligent maintenance no differently than other negligence theories.  *Cf., e.g., King v. Cape*, 907 So. 2d 1066, 1074 (Ala. Civ. App. 2005) ("Because of these and other stated reasons, the legislature provided to co-employees limited immunity 'from civil liability for all causes of action except those based on willful conduct.'" (citing Ala. Code  § 25-5-14 (1975))); *id.* ("Because of these and other stated reasons, the legislature provided to co-employees limited immunity 'from civil liability <u>for all causes of action except those based on willful conduct</u>.'") (emphasis added); *id.* at 1074-75 ("To allow co-employee liability to be premised on § 25-5-11(c)(2) when a co- employee had neither notice that the safety device was not working properly nor notice that the safety device <u>required a specific type of maintenance</u> to ensure that it would work properly <u>more closely resembles a suit based on that co-employee's negligence rather than his or her willful and intentional conduct</u>.") (emphasis added); *Moore v. Welch*, 29 So. 3d 185, 191 (Ala. Civ. App. 2009) ("Their lack of awareness

15

of the need for maintenance or inspection, argued the co-employees, would result in a judgment in their favor because § 25-5-11(c)(2) requires that the removal of a safety device be 'willful and intentional' and not merely negligent or even wanton.").

Therefore, the court concludes that Ms. Perry's failure to allege willful and intentional conduct on the part of the Government is equally fatal to the viability of Ms. Perry's negligent maintenance claim. Accordingly, with Ms. Perry's consent, her negligent inspection and safe condition claims against the Government are due to dismissed on immunity grounds under the Act, and, over her objection, so is her maintenance claim. Thus, the Government's Motion is due to be granted on the issue of immunity.

## V.   CONCLUSION

Based upon the foregoing, the Government's Motion is due to be granted in part on the grounds of governmental agency immunity under the Act only and is otherwise due to be denied. With no pending claims remaining, Ms. Perry's lawsuit is due to be dismissed with prejudice. The court will enter a separate order.

**DONE** and **ORDERED** this the 18th day of September, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

16